IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

VOLTAGE PICTURES, LLC,

        Plaintiff,

    v.

JIM CHOI,

        Defendant.

No. 3:13-cv-855-AA
ORDER

AIKEN, Chief Judge:

    Plaintiff, Voltage Pictures, initiated this action on May 21, 2013 against defendant Jim Choi asserting copyright infringement.[1] Plaintiff alleges that defendant Jim Choi copied and published its motion picture, Maximum Conviction, on November 12 and 13, 2012,

---

[1] The genesis of the case actually dates back to February 19, 2013, when plaintiff filed a complaint against 371 doe defendants in case number 3:13-cv-295-AA. Plaintiff filed this case after the court ordered all doe defendants in the initial proceedings beyond doe number 1 severed.

1 - ORDER

via a BitTorrent client. Accordingly, plaintiff alleges defendant willfully infringed plaintiff's exclusive rights under the Copyright Act. Plaintiff also alleges that the conduct of defendant has and will continue to cause harm to plaintiff unless the infringing activity is enjoined.

On September 12, 2013, plaintiff obtained an order of default against defendant. Plaintiff now seeks a default judgment. Specifically, plaintiff seeks a permanent injunction, statutory damages in the amount of $150,000, attorney fees in the amount of $4,795 and costs in the amount of $525.

To establish a claim of copyright infringement, plaintiff must show ownership of the copyright and copying by the defendant. Kelly v. Arriba Soft Corp., 336 F.3d 811, 817 (9th Cir. 2003). The complaint establishes these elements in this case and generally the factual allegations of the complaint are taken as true upon default. Geddes v. United Financial Group, 559 F2d 557, 560 (9th Cir. 1977).

Plaintiff is entitled to recover actual damages attributable to the infringement or may elect to recover statutory damages. 17 U.S.C. § 504(b) and (c). As noted above, plaintiff seeks $150,000 in statutory damages. The court may award, as statutory damages "a sum of not less than $750 or more than $30,000." 17 U.S.C. 504(c)(1) However, where the infringement is committed willfully, "the court in its discretion may increase the award of statutory

2 - ORDER

damages to a sum of not more than $150,000." 17 U.S.C. 504(c)(2). Taking the allegations in the complaint as true, defendant willfully infringed plaintiff's copyright.

Notes of Committee on the Judiciary, House Report No. 94-1476, indicate that raising the maximum amount of damages to $150,000 is reserved for exceptional cases. While the complaint establishes that defendant engaged in copying of many other works in addition to plaintiff's motion picture, such does not demand the maximum amount of statutory damages in this case.

The court has previously noted in the initial case that technological advances have resulted in anonymous and stealthy tools for conducting copyright infringement on a large scale. The court also noted, however, that the proliferation of easy large scale copying and distributing of films and music protected by copyright has also spawned the trolling for quick and easy settlements against infringers. Some may even argue that makers of lesser quality products may benefit from the use of copyright actions to exact a profit from what may otherwise be a commercial failure. While the court express no opinion as to the commercial viability of the motion picture at issue in this case, the court does note that plaintiff itself, after discovery of the identity of defendant, offered to settle the case "for the nominal sum of $5,000.00, even after extensive work on this case." Plaintiff's Memorandum in Support of Default Judgment (#30) at p. 7. An award

3 - ORDER

of attorney fees will serve to compensate plaintiff for the work in pursuing the infringer and an award of $2,000 in statutory damages will further compensate plaintiff while meeting the Copyright Act's goal of deterrence and punishment. Morever, the court finds that defendant's status as an attorney does not necessitate an amount higher than $2,000 in damages when such award is combined with an injunction. Accordingly, despite the court's finding of willfulness, a statutory damages award of $2,000 is appropriate in this case.

The court may grant final injunctions to prevent further infringement. 17 U.S.C. § 502(a). Accordingly, defendant is hereby permanently enjoined from infringing plaintiff's rights in the motion picture Maximum Conviction via any means.

The court, in its discretion, may allow recovery of costs and attorney's fees to the prevailing party in an action for copyright infringement. 17 U.S.C. § 505. In considering whether to exercise that discretion, the court can consider (1) the degree of success obtained; (2) frivolousness; (3) motivation; (4) the objective unreasonableness of the losing party's factual and legal arguments; and (5) the need, in particular circumstances, to advance considerations of compensation and deterrence. Jackson v. Axton, 25 F.3d 884, 890 (9th Cir. 1994). These factors justify an award of fees in this case.

Plaintiff, as the party seeking fees, has the burden of

4 - ORDER

showing that time spent by its attorney was reasonably necessary. <u>Gates v. Deukmajian</u>, 987 F.2d 1392, 1397 (9th Cir. 1992); <u>Frank Music Corp. v. Metro-Goldwyn-Mayer, Inc.</u>, 886 F.2d 1545, 1557 (9th Cir. 1989). In order to support a finding of reasonableness, plaintiff must document the hours spent in the litigation and provide evidence supporting those hours. <u>Gates</u>, 987 F.2d at 1397.

Calculating a "reasonable attorney's fee" involves a two pronged approach. A court must first calculate a lodestar figure by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. <u>Blum v. Stenson</u>, 465 U.S. 886, 888, 104 S.Ct. 1541, 1543 (1984). This lodestar figure is presumed to represent an appropriate fee. Under certain circumstances, however, a court may adjust the award upward or downward to take into account the <u>Kerr</u> factors not subsumed within the initial lodestar calculation. <u>Cunningham v. County of Los Angeles</u>, 879 F.2d 481, 487 (9th Cir. 1988).[2]

---

[2] The <u>Kerr</u> factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. <u>Kerr v. Screen Guild Extras, Inc.</u>, 526 F.2d 67, 70 (9th Cir 1975). Among the many subsumed factors in the lodestar calculation are the novelty and complexity of the issues involved, the special skill and experience of counsel, and the results

5 - ORDER

Plaintiff's counsel asserts that he is entitled to an hourly rate of $350.00. While plaintiff's counsel's practice is located in the upper Willamette Valley, this case is a Portland case and, accordingly, the court will apply the average rates for a practitioner in the Portland area with counsel's experience of 15 years. Accordingly, counsel is entitled to an hourly rate of $312.

Plaintiff seeks only those hours related to this case subsequent to severance from the initial case against numerous Doe defendants. The court finds that the requested 13.7 hours is reasonable. Accordingly, plaintiff is entitled to an award of attorney fees in the amount of $4,274.40. Plaintiff is also entitled to an award of costs in the amount of $525.

CONCLUSION

For the reasons stated above, plaintiff's motion for a default judgment (#29) is granted and judgment is awarded in favor of plaintiff and against defendant as follows: (1) statutory damages in the amount of $2,000; (2) attorney's fees and costs in the amount of $4799.40; and (3) a permanent injunction enjoining defendant from infringing plaintiff's rights in plaintiff's motion picture including, without limitation, by using the internet to reproduce or copy plaintiff's motion picture, to distribute

---

obtained. <u>Cabrales v. County of Los Angeles</u>, 864 F.2d 1454, 1464 (9th Cir. 1988).

6 - ORDER

plaintiff's motion picture, or to make plaintiff's motion picture available for distribution to the public, except pursuant to a lawful license or with the express authority of plaintiff. Moreover, defendant shall destroy all unauthorized copies of plaintiff's motion picture in his possession.

DATED this 7th day of November, 2013.

_____
Ann Aiken
United States District Judge

7 - ORDER